IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES LESLIE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | _____ |
| CLEARSTAR, INC. ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

Plaintiff CHARLES LESLIE SMITH (hereafter "Plaintiff") respectfully shows the Court the following:

## NATURE OF THE ACTION

1. Defendant CLEARSTAR, INC. ("CLEARSTAR") is a consumer reporting agency under 15 U.S.C. § 1681a(f) that prepares and sells background check reports for employment purposes. Defendant's background check reports include information regarding consumers' criminal history and are consumer reports under 15 U.S.C. § 1681a(d)(1).

2. In connection with Plaintiff's application, his prospective employer procured a background screening report on Plaintiff from Defendant

1

3. Defendant disclosed erroneous information that did not belong to Plaintiff.

4. Specifically, under the County Court Criminal Search section of the report, Defendant disclosed that Plaintiff had a misdemeanor conviction for Petty Theft-Retail Merchandise correlated with Case No. CR222209A.

5. The reporting of the aforementioned false information provided a negative impression of the Plaintiff, who, in turn, suffered a negative consequence. Plaintiff has never been charged for Petty Theft-Retail Merchandise.

6. Following receipt of the report, Plaintiff filed a dispute for the record reported.

7. Defendant conducted a reinvestigation but did not clear the false record from his report.

8. Defendant purchased public records information pertaining to criminal history instead of retrieving the actual underlying court records themselves for the purpose of creating and selling consumer reports to third parties.

9. No reasonable reading of 15 USC §1681 *et seq.* requiring "**strict procedures**" to ensure that the reported information is complete, accurate,

and up to date allows Defendant ClearStar to sell second-hand criminal records disclosing information related to criminal cases that do not belong to Plaintiff.

10. As a result of the false information on the report, Plaintiff was denied employment, resulting in a loss of potential income.

11. Defendant did not have defined processes to verify the accuracy of the public records information provided.

12. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 et *seq.*) §1681(e)(b), ClearStar was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Failing to report accurate information regarding criminal history is a clear violation of this statute.

13. Criminal history information that Defendant attributed to Plaintiff on his report is a matter of public record.

14. Plaintiff is informed, believes, and thereon alleges that ClearStar does not have a reasonable procedure in place to ensure that the criminal history information it furnishes to employers has maximum possible accuracy.

15. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the loss of employment.

16. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of employment and emotional distress. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

17. Plaintiff is an individual and a consumer as defined in 15 U.S.C. § 1681(c).

18. Plaintiff resides in Coolidge, Arizona.

19. ClearStar, Inc. is a consumer reporting agency within the meaning of the FCRA, specifically 15 U.S.C. § 1681(a)(f).

20. ClearStar maintains its principal place of business at 6250 Shiloh Rd, Alpharetta, Georgia 30005.

## JURISDICTION AND VENUE

21. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*

22. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## COUNT 1 - Violation of 15 U.S.C. § 1681e(b) against ClearStar

23. Plaintiff is informed and believes, and on that basis alleges, that ClearStar knew, or reckless disregarded the risk, that its failure to maintain reasonable procedures to ensure maximum possible accuracy of information reported on Plaintiff's consumer report would lead to an inaccurate report.

24. In addition, Plaintiff is informed and believes, and on that basis alleges, that ClearStar did not in fact verify the criminal history information reported on Plaintiff's report; that ClearStar had actual knowledge of its obligations under 15 U.S.C. § 1681e(b); and that ClearStar knew that consumers, like Plaintiff, are likely to suffer adverse employment action and other damages as a result of its failure to comply with 15 U.S.C. § 1681e(b).

25. Plaintiff is further informed, and believes, and on that basis alleges, that ClearStar failed to conduct audits, reviews, and/or quality control to ensure the accuracy of information reported on consumer reports.

26. Under 15 USC § 1681n, ClearStar is liable to Plaintiff for its willful violations of its duty under the FCRA.

27. Alternatively, ClearStar's violations of 15 U.S.C. § 1681e(b) were negligent, and ClearStar is liable to Plaintiff under 15 U.S.C. §1681o.

## COUNT 2 - Violation of 15 U.S.C. § 1681g against ClearStar

28. Plaintiff is informed and believes, that Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by failing to provide Plaintiff with his full file.

29. Defendant's conduct was willful and/or reckless because it knew that its production of the full consumer report would result in meritorious litigation.

30. Alternatively, ClearStar's violations of 15 U.S.C. § 1681g were negligent, and ClearStar is liable to Plaintiff under 15 U.S.C. § 1681o.

## COUNT 3 – Violation of 15 U.S.C §1681i against ClearStar

31. Plaintiff is informed and believes, that Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

32. Defendant's conduct was willful and/or reckless because Defendant failed to conduct a reasonable reinvestigation following Plaintiff's dispute as required under 15 USC §1681i(a)(1) and/or provide any of the required notices mandated by 15 USC §1681i(a)(3) and (5).

33. Plaintiff disputed the accuracy of the information in report shortly after the report was issued, i.e., sometime after April 28, 2023.

34. Defendant failed to remove the erroneous information on Plaintiff.

35. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

36. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

WHEREFORE, Plaintiff prays that:

a. The Court conducts a jury trial of all claims asserted herein.

b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against Defendant;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of the lawsuit; and

f.  For such other orders of the Court and further relief as the Court deems just and proper.

This 25th day of April, 2025.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC**<br>1872 Independence Square, Suite D<br>Dunwoody, Georgia 30338 | */s/ Charles J. Cole*<br>Charles J. Cole<br>Georgia Bar No. 176704<br>cjc@mcraebertschi.com<br>678.999.1105 |
| **DHF LAW, P.C.**<br>2304 Huntington Drive, Suite 210<br>San Marino, CA 91108 | */s/ Devin H. Fok*<br>Devin H. Fok<br>California Bar No. 256599<br>devin@devinfoklaw.com<br>888.651.6411<br>*Pro Hac Vice Application forthcoming*<br><br>*Counsel for Plaintiff* |